MR. JUSTICE HUNT,
dissenting:
I concur with the majority’s opinion that a lump-sum fee should not be awarded in this case for the reason that respondent did not raise this issue properly in a cross-appeal.
I dissent, however, with the majority’s disregard of the Workers’ Compensation Court’s finding that the original offer is $36,000 even though the Workers’ Compensation judge found it had been withdrawn and replaced by one for $9,000. It is up to the fact finder to determine what offer or tender is to be used under Section 39-71-612, MCA. In this case the Workers’ Compensation Court found the “floor” to be the offer contained in the March 28 letter. That offer was $9,000 finding of the “first, firm, specific and determinable offer” seems to me to be a proper criteria of a floor. Where there is a genuine offer, that is later withdrawn and replaced by a lesser offer, attorney fees cannot be defeated when, through the efforts of the attorney, the claimant recovers a greater amount than claimant would have received without the help of the attorney.
By its decision, the majority ignores that the purpose of the Workers’ Compensation Act is to provide for the worker injured on the job who cannot provide for himself; it also ignores that Section 39-71-104, MCA, which requires liberal construction of these statutes by the courts, was still in effect at the time of McKinley’s injury and is still applicable to this case.
MR. JUSTICES McDONOUGH and SHEEHY join in the dissent of MR. JUSTICE HUNT.